IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BLAKE SANDLAIN,

    Plaintiff,

v.                              Civil Action No. 1:19-00125

BARBARA RICKARD,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This case arose by order of United States Magistrate Judge Omar J. Aboulhosn entered in Case No. 1:19-cv-00025 on February 21, 2019, construing plaintiff's petition ostensibly filed under 28 U.S.C. § 2241 as an action under <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and ordering the Clerk to open a new case.  By Standing Order, Case No. 1:19-cv-00025 was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  This action, Case No. 1:19-cv-00125, was likewise referred by Standing Order.[1]

---

[1] In Case No. 1:19-cv-00025, after ordering that a new case be opened (this case), Magistrate Judge Aboulhosn submitted a PF&R recommending dismissal of Case No. 1:19-cv-00025.  (<u>See</u> ECF No. 7 in case no. 1:19-cv-00025.)  Petitioner there (plaintiff here) filed objections, arguing that he could proceed with his claims under § 2241 and that he need not exhaust his administrative remedies.  On September 25, 2019, the court overruled petitioner's objections, adopted the PF&R, and denied a

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file objections to the PF&R.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985); Snyder v. Ridenour, 889 F.2d 1363, 1365-66 (4th Cir. 1989); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." (emphasis added)).

Plaintiff filed an objection.  (ECF No. 6.)  He objects to the construal of his claims as arising, if at all, under Bivens. In at least three previous memorandum opinions, the court has explained to plaintiff why he cannot challenge his conditions of confinement under § 2241.  See Case Nos. 1:20-00328 (ECF No. 7), 1:20-cv-00273 (ECF No. 9), 1:19-cv-00025 (ECF No. 9). Nevertheless, the court will do so once again here.

Concerning the limits of 28 U.S.C. § 2241, one court recently explained:

---

certificate of appealability.  (See id. at ECF No. 9.) Petitioner appealed; finding no reversible error, the Fourth Circuit affirmed.  (See Sandlain v. Rickard, 801 F. App'x 202 (4th Cir. 2020)).

> § 2241(c)(3) . . . authorizes judges of this court to grant habeas corpus relief to an inmate "in custody in violation of the Constitution or laws or treaties of the United States." Although not expressly stated in the statute, however, a writ of habeas corpus is reserved for attacks on the fact or duration of the petitioner's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) . . . .
>
> Conversely, challenges to living conditions or restrictions that the inmate encounters while in prison fall well outside the core of habeas corpus subject matter and must be raised, if at all, in a civil action for damages or injunctive relief under federal or state law. Similarly, Hodge's request for injunctive relief to prohibit such violations of his civil rights related to prison living conditions does not pertain to the fact or length of his confinement and is not properly pursued in a habeas action. Preiser, 411 U.S. at 500. Thus, to the extent that Hodge's complaint raises claims concerning segregated confinement, medical care, use of force, or other alleged living conditions or harassment he has encountered in prison, he fails to state viable claims for habeas relief under § 2241. . . .

Hodge v. Rivers, Case No. 7:20CV00570, 2021 WL 48638, at *2 (W.D. Va. Jan. 6, 2021).

The issue of whether a prisoner may challenge his or her conditions of confinement in a habeas proceeding has not been definitively resolved by the Supreme Court. Compare Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (recognizing that habeas corpus might possibly be available to challenge prison conditions), and Wilwording v. Swenson, 404 U.S. 249, 249–51 (1971) (recognizing challenges to prison "living conditions and disciplinary measures" are "cognizable in federal habeas corpus"), with Muhammad v. Close, 540 U.S. 749, 750 (2004)

(explaining that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus ... [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 action."), and Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979) ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself.").

In 2020, the United States Court of Appeals for the Fourth Circuit noted that "this is an unsettled question of law among our sister circuits" and acknowledged that it has "yet to address this issue in a published opinion." Farabee v. Clarke, 967 F.3d 380, 395 (4th Cir. 2020).  In answering this open question, the Fourth Circuit has consistently, albeit never directly, concluded that most conditions of confinement claims are not cognizable in habeas proceedings.  See, e.g., Rodriguez v. Ratledge, 715 F. App'x 261, 265-66 (4th Cir. 2017) ("[C]ourts have generally held that a § 1983 suit or a Bivens action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not."); Braddy v. Wilson, 580 Fed. App'x 172 (4th Cir. 2014) (affirming dismissal of habeas petition alleging a condition of confinement claim as improperly brought under Section 2241); Todd v. Baskerville, 712 F.2d 70,

4

73 (4th Cir. 1983) ("The principle to be deduced from Preiser . . . appears to be that when the claim relat[es] to [conditions of confinement] ... the suit [must be] a § 1983 action.").

Moreover, courts within this district (including this one) have consistently held that challenges to conditions of confinement are not cognizable in habeas proceedings. See Johnson v. Reherman, Civil Action No. 1:20-00310, 2021 WL 4480994, at *1–2 (S.D.W. Va. Sept. 29, 2021); Sandlain v. Rickard, Civil Action No. 1:19-00025, 2019 WL 4691467, at *1 (S.D.W. Va. Sept. 25, 2019), aff'd, 801 F. App'x 202 (4th Cir. 2020); Hargrove v. Masters, Civil Action No. 1:15-06930, 2017 WL 712758, at *2 (S.D.W. Va. Feb. 23, 2017) ("challenges to the conditions of [ ] confinement are not cognizable under § 2241, but instead must be pursued through a Bivens action"); see also Brown v. Zeigler, Civil Action No. 5:12-cv-01178, 2013 WL 4500473, at *6–7 (S.D.W. Va. Aug. 20, 2013); Daniel v. Craig, Civil Action Nos. 5:07-cv-00465, 5:07-cv-00577, 2008 WL 644883, at *2 (S.D.W. Va. Mar. 7, 2008); Berry v. McBride, Civil Action No. 5:05-cv-01134, 2006 WL 2861077, at *1 (S.D.W. Va. Oct. 5, 2006).

Other district courts in this circuit have held the same. See Hodge, 2021 WL 48638, at *2; Toure v. Hott, 458 F. Supp. 3d 387, 399 (E.D. Va. 2020) ("Plaintiffs have not challenged the fact or duration of their detention, and therefore, they have

presented a conditions of confinement challenge outside the heart of habeas."); Pinkney v. U.S. Dept. of Justice, Civil Action No. 1:07cv106, 2009 WL 277551, at *3 (N.D.W. Va. Feb. 5, 2009) (dismissing petition under 28 U.S.C. § 2241 where petitioner was challenging conditions of confinement).

Until a higher court tells it otherwise, this court concludes that challenges to conditions of confinement are not cognizable in habeas proceedings under § 2241.  Therefore, the court **OVERRULES** plaintiff's objection and adopts the PF&R as follows:  Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice, and this matter is removed from the court's docket.

Plaintiff has also asked that the court issue a certificate of appealability, and the court has considered whether to grant one.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this

6

instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 25th day of January, 2022.

        ENTER:

        *David A. Faber*
        David A. Faber
        Senior United States District Judge